IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Keauntae Stradford, | ) | CASE NO. 1: 26 CV 996 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| State of Ohio, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Background

*Pro se* Plaintiff Keauntae Stradford, an Ohio prisoner currently incarcerated in the London Correctional Institution,, has filed a prisoner civil rights complaint for damages in this case pursuant to 42 U.S.C. § 1983 against the State of Ohio; Cuyahoga Common Pleas Judge Maureen Clancy and Prosecutor Brad Meyer (the judge and prosecutor in his state criminal case); and the Cuyahoga County Jail.  (Doc. No. 1.)

In his complaint, Plaintiff complains of his treatment by a police officer during his arrest, the "harshness" of his sentence and pre-conviction detention ordered by Judge Clancy in his criminal case, and the prosecutor's conduct in frightening him during trial by "slamming his hand on the table."  (*See id.* at 5, ¶ IV(A).)  He also complains of his treatment and conditions of his confinement in the Cuyahoga County Jail.  (*See id.* at ¶ IV(B).)

## Standard of Review and Discussion

Although *pro se* pleadings are liberally construed and held to less stringent standards than

formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). P*ro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to review as soon as practicable after docketing any civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service such action that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A).

Upon review, the Court finds that Plaintiff's complaint warrants dismissal pursuant to § 1915A.

The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). *See also Moss v. Columbus Board of*

-2-

*Education*, 98 F. App'x 393, 395 (6th Cir. 2004) ("Ohio . . . enjoys immunity from suits brought in federal court" under § 1983). Accordingly, the State of Ohio is immune from Plaintiff's suit under the Eleventh Amendment.

Judge Clancy and Prosector Meyer are also immune. It is well-settled that judges generally enjoy absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). This far-reaching protection is justified "by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two situations: for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, and actions taken in complete absence of all jurisdiction. *Id.* at 1115-1116. Plaintiff's complaint against Judge Clancy warrants dismissal because he has not alleged facts plausibly suggesting that the Judge took any action falling outside of the scope of her absolute judicial immunity.

His complaint against Prosecutor Meyer warrants dismissal because he alleges conduct by the Prosecutor in presenting the State's case at trial as to which the Prosecutor enjoys absolute immunity. A prosecutor is entitled to "absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Thus, a prosecutor is absolutely immune for activities "in initiating a prosecution and in presenting the State's case." *Id.* at 431.

Finally, Plaintiff's complaint alleges no plausible claim against the only other Defendant he sues, the Cuyahoga County Jail, because a county jail is not a legal entity capable of being sued for purposes of a civil rights action under § 1983. *See Jackson v. Mowry*, No. 1:12 CV

-3-

3083, 2013 WL 526916, at *3 (N.D. Ohio Feb. 11, 2013); *Boggs v. Miami Cty. Jail*, No. 3:11 CV 00122, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"), report and recommendation adopted, No. 3:11 CV 00122, 2011 WL 3813033 (S.D. Ohio Aug. 29, 2011). And even assuming Plaintiff's complaint could be construed against Cuyahoga County, the government entity that operates the Cuyahoga County Jail, his complaint still fails to state a plausible claim. A local government may be liable under § 1983 only when its own official policy or custom inflicts the injury that forms the basis of the claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff does not allege, and his allegations do not support a plausible inference, that an unconstitutional official policy or custom of Cuyahoga County itself caused a violation of his constitutional rights during his confinement in the Cuyahoga County Jail.

### Conclusion

Accordingly, for the foregoing reasons, Plaintiff's complaint in this case is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 29, 2026

-4-